AMOUNT $ 150.00
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. SES
DATE 7/17/02

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERK'S OFFICE

2003 JUL 17 P 12: 00

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ATLANTIC MUTUAL COMPANIES, a/s/o<br>Seas the Day, Inc.<br><br>    Plaintiff<br><br>v.<br><br>COMPASS MARINE SERVICE, INC.,<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

# 02 - 11447 GAO

## COMPLAINT

1. On December 28, 2000, an electrical fire occurred on board the yacht Seas the Day while it was anchored off Gustavia Harbor in St. Bartholomew, French West Indies. The yacht was completely destroyed by the fire.  The loss was $916,000.  Plaintiff Atlantic Mutual Companies was the insurer of the yacht and paid its insured, Seas the Day, Inc., $916,000 for this loss.  In this subrogation action, Atlantic Mutual seeks to recover these damages from the Defendant, Compass Marine, Inc., a Massachusetts-based electrical contractor that performed electrical conversion, modification and installation work on the yacht before the fire.  On information and belief, based upon investigation, the fire was caused by Compass Marine, Inc.'s faulty electrical work.

## PARTIES

2. Plaintiff ATLANTIC MUTUAL COMPANIES ("ATLANTIC MUTUAL"), is a corporation duly incorporated under the laws of the state of New York, having a principal place of business at Morristown, New Jersey, and is duly authorized to carry on the business of insurance among the United States.

3.  Defendant COMPASS MARINE SERVICE, INC. ("COMPASS MARINE") is a corporation incorporated in the Commonwealth of Massachusetts, with an office and principal place of business at 18 Pepperbush Lane, Attleboro, Massachusetts, and doing business in the State of Massachusetts and the United States.

JURISDICTION AND VENUE

4.  This action is within the original jurisdiction of this court under 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

5.  This action is within the original jurisdiction of this court under 28 U.S.C. § 1333, as an admiralty and maritime action.  It is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

6.  Venue is proper under 28 U.S.C. § 1391, as the defendant resides in Massachusetts, is incorporated in Massachusetts, and has its principal place of business in Massachusetts.

BACKGROUND

7.  Plaintiff ATLANTIC MUTUAL is in the business of insuring various risks, and issued a policy of hull insurance whereby it had a contractual obligation to insure the motor yacht Seas the Day for the account of its owner, Seas the Day, Inc.  ATLANTIC MUTUAL is subrogated to the rights of recovery of Seas the Day, Inc. for those goods and/or property as a result of its payment to Seas the Day, Inc. for the losses sustained by Seas the Day, Inc.

8.  Seas the Day, Inc. was, at all material times herein, owner of the motor yacht Seas the Day, and was a corporation incorporated under the laws of the state of Rhode

2

Island, with a principal place of business at 72 Pine Street, Providence, Rhode Island. Seas the Day, Inc. is not a party in this action.

9.  ATLANTIC MUTUAL was and is the insurer of the motor yacht Seas the Day against all loss of and damage to the yacht and her appurtenances under Atlantic Mutual policy number 114 000 636.

10.  On December 28, 2000, and while Atlantic Mutual insurance policy number 114 000 636 was in full force and effect, the yacht Seas the Day was severely damaged through the negligence, gross negligence, carelessness, recklessness, and/or willful misconduct of the Defendant.

11.  Seas the Day, Inc. duly performed all of the conditions of such policy of insurance on its part and by reason thereof became entitled to receive from Plaintiff, ATLANTIC MUTUAL, the amount of damages allowed under the policy.  Plaintiff was compelled and did on August 29, 2001, pay to Seas the Day, Inc. the sum of $916,000.

12.  For consideration of the payment of such sum of $916,000, Seas the Day, Inc. duly assigned to Plaintiff, and Plaintiff became subrogated to, all rights of Seas the Day, Inc. to recover the amount of loss paid under such policy.

## COUNT 1 – BREACH OF CONTRACT

13.  ATLANTIC MUTUAL repeats the allegations of paragraphs 1 through 12.

14.  On or about 1999-2000, in consideration of certain agreed charges thereupon paid or agreed to be paid and in accordance with the terms and conditions of contracts, agreements, and/or understandings in existence, including but not limited to, Invoice Number 0278, COMPASS MARINE boarded the yacht in Miami, Florida, for the purpose

of converting the alternating current ("AC") electrical system from 240 to 120 volts at 60 Hz.

15.  COMPASS MARINE was charged with, inter alia, performing and completing the electrical conversion, modification, and installation work in a professional, safe and workmanlike manner.  As part of its obligation, COMPASS MARINE wired a direct current ("DC") light switch and an AC outlet in the salon area.

16.  Thereafter, COMPASS MARINE breached the applicable contract, agreement, and/or understanding between the parties.  Said breaches include COMPASS MARINE's failure to properly and safely install electrical devices and/or wiring, and by acting negligently, grossly negligently, carelessly, and/or recklessly.

17.  Plaintiff, ATLANTIC MUTUAL, and Plaintiff's subrogor, Seas the Day, Inc., have performed all conditions on their part to be performed.

18.  As a proximate cause of COMPASS MARINE's breach of its obligations and duties, the motor yacht Seas the Day suffered an electrical fire, resulting in a constructive total loss.

19.  As a proximate cause of COMPASS MARINE's breach of its obligations and duties, Plaintiff has suffered damage in the amount of $916,000 plus interest and costs.

20.  Plaintiff has made demand upon COMPASS MARINE for payment of the amount due, no part of which has been paid.

## COUNT 2 – NEGLIGENCE/GROSS NEGLIGENCE

21. ATLANTIC MUTUAL repeats the allegations of paragraphs 1 through 20.

22. COMPASS MARINE failed to exercise ordinary care, in that COMPASS MARINE acted negligently, grossly negligent, carelessly, and/or recklessly with respect

to performing and completing the electrical conversion, modification, and installation work aboard the motor yacht Seas the Day.

23. As a proximate result of COMPASS MARINE's negligence, gross negligence, carelessness, and/or recklessness, Plaintiff has suffered damage in the amount of $916,000 plus interest and costs, no part of which has been paid although duly demanded.

## RELIEF REQUESTED

Accordingly, ATLANTIC MUTUAL requests that judgment be entered against COMPASS MARINE SERVICE, INC. in the amount of $916,000 plus interest and costs, including reasonable attorneys' fees, in favor of ATLANTIC MUTUAL, and for such other and further relief as this Court deems just and proper.

Dated: July 17, 2002

Curtis C. Pfunder (BBO # 397700)
92 State Street
Boston, MA 02109
(617) 248-0200


Edward C. Radzik
Marc I. Kunkin
Donovan Parry McDermott & Radzik
Wall Street Plaza
88 Pine Street, 21st Floor
New York, New York 10005-1801
(212) 376-6400

Attorneys for Plaintiff
ATLANTIC MUTUAL COMPANIES